**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PHILIP R KLEIN, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:14-CV-00509-RC |
| v. | § § § | |
| LAYNE WALKER, | § § | |
| Defendant. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial proceedings. (Doc. No. 2.) Pending before the court is Defendant Layne Walker's "Amended Motion to Dismiss Plaintiff's First Amended Complaint." (Doc. No. 21.) The court has received and considered the report of the magistrate judge (Doc. No. 35), filed on June 10, 2016, which recommended granting the motion. The magistrate judge also recommended that the Plaintiff, Philip Klein, be given an opportunity to amend his complaint. Klein has since filed his Second Amended Complaint while also filing his objections to the report and recommendation. (Doc. Nos. 42, 43.)

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); Fed. R. Civ. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*

*v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The court has conducted a *de novo* review of review of the magistrate judge's report and recommendation and has carefully considered Klein's objections. The court finds that the magistrate judge's conclusions are correct but will briefly address Klein's objections here.

Klein objects to the magistrate judge's finding that he failed to state a claim of free speech retaliation under § 1983, arguing that, contrary to the magistrate judge's conclusion, the Fifth Circuit does not require the plaintiff to allege actual chilling of speech. The court agrees with the magistrate judge's interpretation of the relevant case law on this point but also acknowledges, as the magistrate judge recognized, there is some disagreement on the correct standard both within and outside the Fifth Circuit. *Compare Mills v. Bogalusa*, CIV.A. 13-5477, 2014 WL 2993426, at *3 (E.D. La. July 2, 2014) ("[T]he Fifth Circuit has held that . . . a retaliation claim requires some showing that the plaintiff's exercise of free speech has been curtailed.") *with Brown v. Wilson*, 1:12-CV-1122-DAE, 2015 WL 1955395, at *6 (W.D. Tex. Apr. 29, 2015) ("[T]he test is not whether Brown's speech has actually been chilled, rather, it is whether a 'person of ordinary firmness' would be chilled from continuing to engage in that activity."); *see also Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) ("We reject the defendants' suggestion that this inquiry depends upon the actual effect of the retaliatory conduct on a particular plaintiff."). Given this ambiguity in the law, the magistrate judge correctly allowed Klein to amend his complaint to allege actual chilling of his free speech rights, if in fact his speech was chilled—something that Klein will, of course, be required to prove with actual evidence later in the litigation. In any event, Klein's second

amended complaint states "Walker's malicious actions were intended to and did have a chilling effect upon Klein's exercise of his First Amendment Rights." (Doc. No. 42, at 29.)

Klein also objects to the magistrate judge's finding that he did not state a claim of relief under Texas state law. Klein argues that the magistrate judge incorrectly applied at "heightened, federal pleading standard" to those claims. (Doc. No. 43, at 7.) Klein cites a string of several cases for the proposition that his claims should have been evaluated under the more lenient "fair notice" pleading standard applied in Texas state courts. (Doc. No. 43, at 7–8.)

This argument is so groundless as to border on sanctionable. Klein filed this case <u>in federal court</u> on the basis of <u>federal question jurisdiction</u>. What possible precedent is there for federal pleading standards not to be applied to a federal question case filed in a federal court? In the cases that Klein cites, all of the plaintiffs filed their claims in state court, and the defendants removed the cases to federal court on the basis of diversity jurisdiction. *See, e.g, Warren v. State Farm Mut. Auto. Ins. Co.*, CIVA3:08CV0768D, 2008 WL 4133377, at *1 (N.D. Tex. Aug. 29, 2008). Not only is that not the procedural posture of this case, the Fifth Circuit recently held that the federal pleading standard applies even to these diversity cases removed from state court. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) ("Our precedent is clear: A federal court must apply the federal pleading standard."). Klein's objections are overruled.[1]

---

[1] In one of Plaintiff's counsel's previous cases before this court, the court directed counsel to consult the Texas Disciplinary Rules of Professional Conduct and twice suggested that counsel consider, in good faith, associating with additional counsel. *See* Order Re: Plaintiff's Motion for Leave to File (Dkt. # 34) in *Hendrix v. Beaumont Indep. Sch. Dist.*, No. 1:15-cv-235 (E.D. Tex. Sept. 24, 2015); Order Denying as Moot Plaintiff's Emergency Opposed Motion (Dkt. # 46) *Hendrix v. Beaumont Indep. Sch. Dist.*, No. 1:15-cv-235 (E.D. Tex. Nov. 19, 2015). In light of the present argument, the court repeats its suggestion.

It is, therefore, **ORDERED** that Klein's objections (Doc. No. 43) are **OVERRULED**, and the magistrate judge's report and recommendation (Doc. No. 35) is **ADOPTED**. Accordingly, it is further **ORDERED** that Walker's "Amended Motion to Dismiss Plaintiff's First Amended Complaint" (Doc. No. 21) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Walker's previously-filed "Motion to Dismiss Plaintiff's First Amended Complaint" (Doc. No. 19) is **DENIED AS MOOT**, and Klein's "Unopposed Motion for Leave to File Response to Defendant Layne Walker's Amended Motion to Dismiss Out of Time" (Doc. No. 30) is **DENIED AS MOOT**.

So **ORDERED** and **SIGNED** this **25** day of **July, 2016.**

_____
Ron Clark, United States District Judge