IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| PHILIP R. KLEIN, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | NO. 1:14-CV-00509-RC-ZJH |
| | § | |
| v. | § | |
| | § | |
| LAYNE WALKER, | § | |
| | § | |
| Defendant. | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to General Order 05-07. The court has received and considered Judge Hawthorn's report, which recommends granting Defendant Layne Walker's motion for summary judgment on the basis of *res judicata*. Doc. No. 86. Klein timely filed objections to the report and recommendation. Doc. No. 88. The court has reviewed Klein's objections and concludes that they are without merit. As a result, the court adopts the report and recommendation of the magistrate judge.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The court has reviewed the report and recommendation *de novo* and concludes that Klein's objections are without merit. Although Klein levies eleven different "objections" to Judge Hawthorn's report, they are merely a rehash of the arguments he made in response to Walker's motion for summary judgment.

Judge Hawthorn recommended granting Walker's "Motion for Summary Judgment Based on *Res Judicata*" (Doc. No. 45) because Walker established the three necessary elements under Texas law: (i) a prior final judgment on the merits by a court of competent jurisdiction; (ii) identity of parties or those in privity with them; and (iii) a second action based on the same claims as were raised or could have been raised in the first action. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) Although at certain points Klein's objections are difficult to decipher,[1] he appears to focus his objections on Judge Hawthorn's finding that the state court's September 23, 2014 order of dismissal constituted a final judgment for purposes of *res judicata*. Doc. No. 86, at 7-8. Under Texas law, an order "that all parties appear to have treated as final may be final despite some vagueness in the order itself." *M.O. Dental Lab v. Rape*, 139 S.W. 3d 671, 673-75 (Tex. 2004) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001)). Because the September 23, 2014 state court order dismissing Klein's case was the last case activity in state court, and less than a month later, Klein filed a virtual copy of his state court petition in this court, Judge Hawthorn properly concluded that the parties treated that order as final.

---

[1] The following is taken verbatim out of Klein's objections:

Adverse actions which occurred after September 23, 2014 could not have supported causes of action which were alleged to have arisen before the adverse actions themselves had occurred. While Walker may [sic] been motivated by the same animus in claims alleged to have been in violation of the United States Constitution and which occurred before September 23, 2014, as he was in his individual and conspiratorial actions which occurred after September 23, 2014, those actions after September 23, 2014 could not have been raised are [sic] dressed in the state court action. Certainly any adverse actions which occurred before September 23, 2014, may be admissible to show Walker's motive for claims which accrued post September 23, 2014, regardless of whether they are the basis of post September 23, 2014 accrued causes of action. Events [sic]. Doc. No. 88 at 4-5.

In his objections, Klein does not cite to anything in the record to indicate that the parties did *not* treat the state court order of dismissal as final. Instead, Klein argues that he treated the state court order as an order "not addressing" his § 1983 claim. Doc. No. 88, at 4. If it were indeed the case that the state court order did not address Klein's pending § 1983 claim, one would expect at least *some* case activity involving his "unaddressed" § 1983 claim in the state court's docket over the last two years. Of course, the record reveals otherwise, precisely because Klein and Walker believed the September 23, 2014 order dismissed all remaining claims. And in fact it did. As Judge Hawthorn observed, after Walker filed his "Plea to the Jurisdiction and Motion for Summary Judgment Subject to a Plea to the Jurisdiction for Absolute and Qualified Immunity" and his "Motion to Dismiss for Lack of Subject Matter Jurisdiction," Klein non-suited his remaining claims in his Second Amended Petition, leaving only his § 1983 claim. Doc. No. 86, at 12. After the Second Amended Petition was filed, the state court entered its order granting Walker's "Plea to the Jurisdiction and Motion for Summary Judgment Subject to a Plea to the Jurisdiction for Absolute and Qualified Immunity" and his "Motion to Dismiss for Lack of Subject Matter Jurisdiction." Doc. No. 6, ex. 6. Thus, the state court certainly "addressed" Klein's § 1983 claim because it was the only live claim pending when the state court entered the order granting Walker's dispositive motions. As Judge Hawthorn observed, if Klein believes that Walker needed to file amended motions to dismiss that more precisely addressed the merits of Klein's § 1983 claim, the appropriate forum to raise such an objection was in state court.

Finally, Klein seemingly alleges that Walker committed "adverse actions" after September 23, 2014, that could not possibly have been addressed by the state court order. Doc. No. 88, at 4. In his objections, Klein does not specify what "adverse actions" occurred after September 23, 2014, but to the extent they are new claims contained within his Second Amended Complaint (Doc.

3

No. 42), this court's Order (Doc. No. 90) granting Walker's Motion to Strike Klein's Second Amended Complaint in part (Doc. No. 47) moots such claims. In the alternative, if such "adverse actions" merely amend existing claims previously contained in Klein's First Amended Complaint, such claims are barred by *res judicata* for the reasons discussed above and in Judge Hawthorn's report (Doc. No. 86).

For the above-stated reasons, Klein's objections to Judge Hawthorn's report recommending the court grant Walker's Motion for Summary Judgment Based on *Res Judicata* (Doc. No. 45) are **OVERRULED** and Walker's motion for summary judgment is **GRANTED**. Because there are no remaining live claims remaining in this case, a final judgment will be entered separately.

So **ORDERED** and **SIGNED** this **16** day of **December, 2016.**

_____
Ron Clark, United States District Judge