# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40052
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
September 5, 2017
Lyle W. Cayce
Clerk

PHILIP R. KLEIN,

    Plaintiff - Appellant

v.

LAYNE WALKER,

    Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-509

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

    Philip Klein appeals the district court's grant of summary judgment based on res judicata, its striking of allegations made in Klein's Second Amended Complaint, and its decision to deny Klein leave to amend. Finding no error, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40052

## I.

This saga began when Klein, a blogger and private investigator, filed a state court action against Walker, a sitting judge, for allegedly retaliating against him for posting disparaging blog content. Initially, Klein sought only declaratory and injunctive relief. *Id.* In response, Walker filed a motion to dismiss on the basis of judicial and sovereign immunity. He then retired from the bench and filed a Plea to the Jurisdiction and a Motion for Summary Judgment Subject to a Plea to the Jurisdiction for Absolute and Qualified Immunity. This filing restated his previous defenses and argued that Klein's claims for declaratory and injunctive relief were moot because Walker was no longer a sitting judge. *Id.*

Shortly after, Klein nonsuited his claims for declaratory and injunctive relief, pursuing only a free speech retaliation claim pursuant to 42 U.S.C. § 1983. Eleven days later, the state court granted Walker's motion to dismiss and his motion for summary judgment. Once the order issued, Klein took no further action in state court.

Approximately two weeks later, Klein filed a complaint in federal court, asserting a carbon copy of his section 1983 free speech retaliation claim. In response, Walker filed a motion to dismiss based on three defenses: res judicata, judicial immunity, and failure to state a claim. The magistrate judge recommended that Walker's motion be granted for failure to state a claim, but with leave to amend. The district court adopted the part of the recommendation allowing Klein to amend his complaint. Klein did so, and Walker responded with an amended motion to dismiss raising the three grounds he had previously asserted.

The magistrate judge again recommended that Klein's claims be dismissed for failure to state a claim. But he also proposed that Klein be given one final opportunity to correct the pleading deficiencies. That amended

2

complaint would be limited to Klein alleging additional details about the claims that had been previously dismissed; he could not add new claims. The report further recommended that Walker pursue his res judicata defense through a motion for summary judgment because of uncertainty about whether the state court issued a final judgment on the merits.

After receiving four extensions, Klein filed his Second Amended Complaint. In response, Walker filed three separate motions: a Motion for Summary Judgment on the Merits, a Motion to Strike and Dismiss Klein's Second Amended Complaint, and a Motion for Summary Judgment Based on Res Judicata. In his res judicata motion for summary judgment, Walker submitted a certified copy of the complete state court record, which indicated that Klein took no further action following the state court's grant of summary judgment.

The district court held that res judicata barred the claims asserted in Walker's earlier pleadings and to the extent Walker was adding new claims, those should be struck as exceeding the limited authority to amend the magistrate judge had granted.

## II.

In determining the preclusive effect of a prior state court judgment, we apply the law of the state in which the judgment was rendered. *Weaver v. Texas Capital Bank N.A.,* 660 F.3d 900, 906 (5th Cir. 2011). Texas recognizes the defense of claim preclusion when the following elements are met: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *see also Norris v. Hearst Tr.*, 500 F.3d 454, 462 (5th Cir. 2007) (applying the res judicata standard stated in *Amstadt v. U.S. Brass Corp* to determine the preclusive

effect of a prior state judgment in Texas). Because Klein's state and federal actions involved the same parties and identical claims, the only question we must answer is whether the state court rendered a final judgment on the merits.

Klein contends the state court order did not constitute a final judgment on the merits because in granting Walker's plea to the jurisdiction, the state court only dismissed the case on jurisdictional grounds, leaving Klein's claim unresolved on the merits. But a dismissal on immunity grounds under Texas law is a dismissal on the merits for purposes of res judicata. *Flores v. Edinburg Consol. Independent School Dist.*, 741 F.2d 773, 775 n.3 (5th Cir. 1984).

Klein also makes a number of arguments contesting the finality of the state court judgment. He contends the state court order did not dispose of his section 1983 claim because Walker never amended his motion to dismiss to address it.[1] In addition, Klein argues that the state summary judgment order was not final because it did not state "with unmistakable clarity that it was a final judgment."

Under Texas law, a judgment is final if it disposes of all remaining claims and parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Finality "must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Id.* at 203. Upon examination of the record, the court may infer finality from the parties' treatment of the order, even when the order itself is vague. *See id.* at 206, *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004) (inferring finality because the

---

[1] In his original petition, Klein sought declaratory and injunctive relief. Walker responded by filing a motion to dismiss on the basis of judicial immunity. Klein then amended his petition, nonsuiting his claims for declaratory and injunctive relief and pursuing only a free speech retaliation claim pursuant to 42 U.S.C. § 1983 for monetary damages. Walker did not amend his motion to dismiss to address Klein's newly filed section 1983 claim.

parties treated the order as final, even when the order itself did not unambiguously dispose of all claims).

The record shows that the state court order disposed of all remaining claims and parties and thus is a final judgment. *See Lehmann,* 39 S.W.3d at 206. Although the state court order did not expressly dismiss Klein's section 1983 claim by name, it was the only live claim pending before the court at the time it granted both Walker's Motion for Summary Judgment and his Motion to Dismiss. In that sense, this case is distinct from the two cases cited by Klein, both of which involved multiple pending claims before the court, leaving the trial court's intention uncertain with respect to unresolved claims. *See Coastal Terminal Operators v. Essex Crane Rental Corp.*, 133 S.W.3d 335, 338 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding that the intent of the summary judgment order was uncertain because it only granted relief as to the plaintiff's claims and never addressed the defendant's pending counterclaim); *see also Guajardo v. Conwell*, 46 S.W.3d 862, 863 (Tex. 2001) (holding the summary judgment order was not final because it did not dispose of all claims and parties). There is no comparable uncertainty here—only one claim remained before the court when the order issued.

Moreover, the record indicates that the parties treated the order as a final judgment. *M.O. Dental Lab*, 139 S.W.3d at 674-75 (noting "an order… that all parties appear to have treated as final may be final despite some vagueness in the order itself"). Klein made no additional filings and the court's docket sheet notes September 23, 2014, the date the state court issued its order, as the "Disposition Date." If Klein believed the state court order was not a final judgment, why did he take no further action in state court and instead file a nearly identical action in federal court a few weeks later?

The state court dismissal of Klein's suit thus bars his attempts to bring claims in federal court grounded in the same allegations of retaliation.

No. 17-40052

## III.

We next consider whether the district court erred in striking the civil conspiracy allegation in Klein's Second Amended Complaint and whether the district court abused its discretion in denying Klein additional leave to amend.

It is unclear how Klein construes the addition of the civil conspiracy claim in his Second Amended Complaint.[2] To the extent the civil conspiracy allegation is rooted in the same retaliation alleged in his First Amended Complaint, those claims are barred by res judicata for the reasons we have just discussed. *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) ("A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit.").

To the extent Klein's conspiracy allegation against Walker constitutes a claim arising out of different conduct, Klein failed to adequately brief how the decision to limit his second amendment to claims previously asserted was an abuse of discretion. Failure to adequately brief an issue forfeits it. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

\* \* \*

The judgment of the district court is AFFIRMED.

---

[2] In his brief, Klein states "Judge Hawthorn only limited Klein's right to replead to not including any new claims. Klein in his SAC set forth additional supporting facts of alleged retaliation by Walker, and his claimed co-conspirators, Dorrell, and Retzlaff, all of which occurred after the case had been filed in federal court." Here, it appears Klein construes the civil conspiracy allegation to be merely an additional fact in support of his preexisting § 1983 claim. But later, he attempts to construe the claim as new so as to contest the district court's denial of leave to amend.